# MARCH, 1925.

## CHARLIE FLOWERS v. THE STATE.

### No. 8730. Delivered March 25, 1925.

**Manufacturing Intoxicating Liquor—Evidence—Statements Under Arrest—Cured by Charge.**

Where the sheriff was permitted to testify that while under arrest the appellant made the statement to him that he had furnished six gallons of syrup, and some chops for the manufacture of the liquor in question, and after his release that appellant stated to him that part of the stuff was his and the court charged the jury to disregard the statement made while under arrest, no error is presented.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor, with punishment assessed at three years in the penitentiary.

The sheriff of Upshur County with some of his deputies discovered a still in operation. Appellant and one Joe Thursby were at the still. Appellant was seen by the sheriff to move the jar which was under the "drip" where the whiskey emerged after passing through the "cooling keg". As we understand the evidence, the sheriff did not know what appellant had been doing with the jar, but when first observed he was placing it back under the drip. When the presence of the officers became known Thursby ran, making his escape. He had not been apprehended at the time of this trial. Setting between appellant and Thursby was a lantern. After appellant got out of jail he claimed this lantern which was delivered to him.

Immediately after appellant made bond and was released from jail the sheriff had a conversation with him which related back to a statement previously made by appellant while in jail to said officer. While in jail appellant had told him that he (appellant) had furnished six buckets of syrup and some of the chops used in preparing the mash from which the whiskey was being made at

the time of the arrest. When appellant was released on bond the officer was trying to enlist his aid in effecting the apprehension of Thursby. The sheriff was not quite sure as to the exact language used .in the conversation after appellant was released from jail; but as appellant was leaving the sheriff called him back and said to him, "You know you told me that some of the stuff was yours," or that "you told me that you furnished some syrup and chops and I want you to help me catch Thursby," to which appellant replied, "Yes, sir, I will do what I can for you," or that he said, "Yes, sir, part of the stuff was mine and I will help you all I can." The officer stated it both ways in his testimony trying the best he could to give the exact words used. Objection was interposed to the sheriff stating what appellant may have said to him while confined in jail. Three special charges relative to the matter were requested. The court had sustained objection to the relation of the conversation had in jail, and gave two of the special charges instructing the jury that they would not consider the testimony of the sheriff to the effect that appellant "Had told him while in jail that he had furnished six gallons of syrup and some chops for the manufacture of the liquor in question," and that they would not consider the testimony of the sheriff wherein he said to appellant immediately after he was released from jail, "Now, you remember you told me about the syrup and chops," and appellant's reply, "Yes, sir." The third special charge requested that the jury be told not to consider the sheriff's evidence wherein he said after releasing appellant from jail: "Charlie, you know you admit part of this stuff being yours, and I want you to help me," to which appellant replied, "Yes, part of it was mine and I will do all I can for you."

Unless we misapprehend the record we think the action of the court presents no error in declining to give the last special charge requested. The language there used was a re-assertion of appellant after his release from jail that a part of the articles used in the manufacture of the whiskey was furnished by him, and a promise that he would do all he could for the sheriff to apprehend Thursby. The court told the jury they could not consider any statement he made to the sheriff while in jail. These instructions appear to have guarded appellant's rights in the respect complained of. He did not testify himself upon the trial, and no defensive evidence whatever was introduced.

A question was raised as to the manner of selecting the jury. It is the exact point decided adversely to appellant's contention in Inman v. State, (No. 8729, opinion March 18, 1925) appealed from the same county. We do not again discuss it but refer to Inman's case which we think correctly disposes of the matter.

Believing no error occurred which calls for a reversal, an affirmance is ordered.

*Affirmed.*